IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3174-FL

| | |
|---|---|
| DAVID A. HOSKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT C. LEWIS; GEORGE )<br>KENWORTHY; UNIT MANAGER )<br>BULLARD; ROBERT CLATTY; )<br>MARSHAL PIKE; SAUNDERS )<br>SORRELL; AND JAMES E. SMITH, )<br>)<br>Defendants. ) | ORDER |

The matter comes before the court upon plaintiff's amended pleading submitted in response to this court's April 11, 2012, order directing him to particularize his complaint. Also before the court are plaintiff's second motion to amend (DE # 12) and motion to add all evidence (DE # 13). In this posture, the matter is ripe for adjudication.

Plaintiff, in his original complaint, named Robert C. Lewis, George Kenworthy, Unit Manager Bullard, Robert Clatty, Marshall Pike, Saunders Sorrell, and James E. Smith. The court informed plaintiff that his filings were difficult to follow and that it was unsure what specific claims he was attempting to make and exactly who the defendants are in this action. Plaintiff, in response, filed an amended pleading in which he makes several random allegations against defendants. Plaintiff subsequently filed a pleading captioned "motion to add all evidence" in which he seeks to incorporate all of the previously filed pleadings into his amended complaint. Upon reviewing plaintiff's filings, the court finds that plaintiff has failed to comply with its order to particularize his

complaint. The court finds it appropriate to allow plaintiff one additional opportunity to particularize his complaint. Because the court is allowing plaintiff to particularize his complaint, his second motion to amend his complaint and his motion to add all evidence are DENIED as moot. See Fed.R.Civ.P 15(a).

Regarding plaintiff's amended pleading, he is on notice that his it must specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Moreover, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2). The court again warns plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's previous filings to glean any misplaced claims.

In summary, plaintiff's motion to amend (DE # 12) and motion to add all evidence (DE # 13) are DENIED as moot. Plaintiff has fourteen (14) days from the date of this order to particularize his claim.

SO ORDERED, this the 27th day of August, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge